## Commonwealth v. Ditzinger.

*S. V. Hosterman*, District Attorney, for rule.

GROFF, J., Jan. 19, 1929.—The matter under consideration is a rule to show cause why such part of the costs in the above case as was imposed upon John Gilmartin should not be stricken off.

From the petition, to which no answer has been filed, it appears John Gilmartin is, and was at the time of making the complaint in the above case, a police officer in the City of Lancaster. The complaint was for violating the liquor law, viz., unlawful possession and sale of intoxicating liquors containing more than one-half of 1 per cent. alcoholic contents by volume.

On Sept. 13, 1928, the case was tried in the Court of Quarter Sessions and the jury returned a verdict of not guilty and placed one-half the costs upon the prosecutor, John Gilmartin, the policeman as aforesaid. The evidence in the case, in the opinion of the court, showed that there was probable cause for bringing the prosecution and that John Gilmartin was acting in good faith and as a public officer of the City of Lancaster when he made the complaint.

Under conditions of that kind, it is the duty of the court, in the exercise of its supervisory power over the imposition of costs in cases like this, to set aside *pro tanto* a verdict imposing costs on the prosecutor, especially where the prosecution is instituted by a public official in the public performance of his duty: Com. *v.* Plymouth Township, 11 Kulp, 138.

We, therefore, make the rule to show cause why the costs should not be stricken off absolute. Rule made absolute.

　　　　　　　　　　From George Ross Eshleman, Lancaster, Pa.